```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                          PLAINTIFF

        v.        Criminal No. 08-50009

**ACAMBARO MEXICAN RESTAURANTS, INC.;**
**GARCIA'S DISTRIBUTOR, INC.; and**
**GARIBALDI MEXICAN RESTAURANT, INC.**                                DEFENDANTS

### O R D E R

Now on this 22nd day of February, 2008, comes on for consideration defendants' **Motion To Dismiss Indictment** (document #22), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Defendants are charged with one Count of harboring illegal aliens for commercial advantage or financial gain. All three have pled "not guilty," and trial is scheduled for March 10, 2008.

2. Defendants now move to dismiss the Indictment, asserting that they orally requested discovery on February 5, 2008, at the Plea and Arraignment hearing. They allege that no discovery has been forthcoming, and that they have been prejudiced by this lack. Because the government has not requested a continuance, and the defendants do not intend to request a continuance, they contend that the only remedy for the situation is dismissal of the Indictment. No authority is offered in support of this contention.

3. The government responds that the Court's Scheduling Order

requires a defendant to make discovery requests in writing, and that no written request was made.  Nor does the government acknowledge any oral request for discovery.  It does, however, state that as of the date of its Response to the Motion now under consideration (February 22, 2008), "discovery has been deposited to the Defendant via overnight express mail service." It points out that this mailing occurred only two days after the date upon which its discovery responses would have been due pursuant to the Scheduling Order if properly requested.

4.  While denying that any discovery abuse has occurred, the government also contends that if such has occurred, dismissal is not an appropriate sanction.  The government relies on **U.S. v. Hastings**, **126 F.3d 310 (4th Cir. 1997),** wherein the Fourth Circuit found a rather flagrant discovery abuse sanctionable, but held that dismissal was too drastic a sanction.  The court therein noted that

> "[w]hen a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." Factors to consider were the reasons for discovery delay; the level of resulting prejudice, and whether less severe sanctions would remedy the matter.

**126 F.3d at 317.**

5.  Having considered the documents filed of record in this case, the Court is not persuaded that any sanction against the government is merited -- let alone dismissal.

Identical Scheduling Orders were entered as to each defendant

on February 5, 2008, the date of their arraignments. Paragraph II.A. of those Scheduling Orders provides that

> [w]ithin ten (10) days after the arraignment, or date of receipt of this order by the Defendant, whichever occurs first, the attorney for the United States of America (hereinafter "the Government") and the Defendant's attorney shall confer; <u>and at the request of the Defendant</u>, the Government shall disclose and provide copies to the Defendant's attorney of the following materials. . . .

A footnote to the underlined portion states that "[w]ritten notice of Defendant's request for discovery and the Government's response should be filed with the Court."

The Court notes that there is no indication that defendants made any written request for discovery, which blunts any suggestion that delay (to the extent there is any) is the responsibility of the government.

The Court further notes that, after an enumeration of categories of discoverable materials, the Scheduling Order states that

> [t]he mandatory disclosures noted above shall be made within 15 days of the date of this order, unless a different disclosure time is agreed on by the parties.

Even if the foregoing language were to be construed as requiring the government to make the disclosures without a proper written request (and the Court does not so construe it), it would have made discovery due on February 20, 2008. Under that scenario, any additional delay between the time the discovery would have been received -- and the time it will actually be received -- can hardly

-3-

be said to constitute prejudice to the defendants. Accordingly, the Court perceives none.

**IT IS THEREFORE ORDERED** that defendants' **Motion To Dismiss Indictment** (document #22) is **denied.**

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**