IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

        v.          Criminal No. 08-50009

ACAMBARO MEXICAN RESTAURANTS, INC.;
GARCIA'S DISTRIBUTOR, INC.; and
GARIBALDI MEXICAN RESTAURANT, INC.                          DEFENDANTS

                         O R D E R

        Now on this 15th day of May, 2008, comes on for consideration
defendants' **Motion To Dismiss Indictment And Quash The Bank
Account Seizure** (document #29), and from said motion, and the
response thereto, the Court finds and orders as follows:

        1.   Defendants are each charged with one Count of harboring
illegal aliens for commercial advantage or financial gain.  All
three have pled "not guilty," and trial is scheduled for July 21,
2008.

        2.   Defendants now move to dismiss the Indictment and quash
the seizure of bank accounts in connection therewith, asserting
that the Indictment fails to allege all of the elements of the
offense charged, and, as to defendant Garibaldi Mexican Restaurant,
Inc., fails to state an offense.

        The government objects, contending that the Indictment is
sufficient as to all defendants, and that even if it must be
dismissed the seizures should stand, on the strength of indictments
in a companion case.

        3.   In **Hamling v. United States**, **418 U.S. 87, 117 (1974)**, the

Supreme Court held that

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

Not all flaws in an indictment are fatal, however. An indictment is "fatally insufficient when an essential element 'of substance' is omitted, rather than one 'of form' only." **U.S. v. Czeck**, **671 F.2d 1195, 1197 (8th Cir. 1982)**. Furthermore, an indictment "should be deemed sufficient unless no reasonable construction can be said to charge the offense." **U.S. v. Covey**, **232 F.3d 641, 645 (8th Cir. 2000)**(internal quotation marks omitted).

4.   The Indictment in the instant case charges that the defendants,

> aided and abetted by each other, and others known and unknown to the Grand Jury, did knowingly or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, harbor and shield illegal aliens from detection by providing said aliens with a means of financial support through employment at the Acambaro Restaurants and Garcia's Distributor, Inc. located at 215 S. 8th Street, Rogers, Arkansas; 121 N. Thompson Avenue, Springdale, Arkansas; 406 N. Bloomington, Lowell, Arkansas; 2605 N. College Avenue, Fayetteville, Arkansas; 301 South Walton Blvd., Bentonville, Arkansas; and at 305 South Lincoln, Lowell, Arkansas, said violation having been committed for the purpose of commercial advantage or private financial gain, in violation of Title 8 U.S.C. §1324(a)(1)(A)(iii) & (v)(II) and Title 8 U.S.C. §1324(a)(1)(B)(i).

> **Section 1324(a)(1)(A)(iii)** provides for punishment for any

person who

> knowing or in reckless disregard of the fact that an
> alien has come to, entered, or remains in the United
> States in violation of law, conceals, harbors, or shields
> from detection, or attempts to conceal, harbor, or shield
> from detection, such alien in any place, including any
> building or any means of transportation.

**Section 1324(a)(1)(A)(v)(II)** provides for punishment for aiding or abetting the conduct described in **§1324(a)(1)(A)(iii)**.

**Section 8 U.S.C. §1324(a)(1)(B)(i)** establishes penalties for violation of **§1324(a)(1)(A)** where such violation was "done for the purpose of commercial advantage or private financial gain."

5.   Defendants contend that the Indictment is insufficient in failing to allege that the aliens in question entered or remained in this country in violation of law, and that defendants' conduct facilitated them in remaining here illegally.

The first of these contentions arises because of the less than artful wording of the Indictment, but the Court is not persuaded that it has merit.  The Indictment charges that defendants **"did knowingly** or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, **harbor and shield illegal aliens."** (Emphasis added.) The volume of case law using the phrase "illegal alien" to refer to an alien who has entered the United States illegally attests to the fact that this phrase is a term of art denoting precisely that:  an alien who entered the country illegally.  This is sufficient to apprise defendants of this element of the crime with which they are

-3-

charged.

The Court is also not persuaded that the Indictment is insufficient as to the allegation that defendants facilitated illegal aliens in remaining in the United States. All three are charged with "providing said aliens with a means of financial support through employment." Even the Fifth Circuit case relied upon by defendants disproves defendants' hypothesis that this is insufficient. In **U.S. v. Shum**, **496 F.3d 390, 392 (5th Cir. 2007)**, the Fifth Circuit rejected a narrow view of what it means to "substantially facilitate" under the statute in question, holding that "to 'substantially facilitate' means to make an alien's illegal presence in the United States substantially 'easier or less difficult'." Certainly having a job where one's immigration status is not scrutinized would make it substantially easier to remain in this country illegally than not having such a job.

For these reasons, the Court rejects defendants' first attack upon the sufficiency of the Indictment.

6. Defendant Garibaldi Mexican Restaurant, Inc. ("Garibaldi") levies an additional attack upon the Indictment. The Indictment charges defendants with harboring and shielding illegal aliens from detection in a specific manner, i.e., "by providing said aliens with a means of financial support through employment at the Acambaro Restaurants and Garcia's Distributor, Inc." It does not charge that any illegal alien was employed by Garibaldi. In

-4-

addition, while the Indictment lists physical locations where aliens were said to be employed, Garibaldi contends that none of those physical locations is its physical location, which is said to be 1301 E. Robinson Avenue, Springdale, Arkansas.

In response, the government does not contend that Garibaldi operated at a location listed in the Indictment. It rests its position on the fact that the Indictment also charges "aiding and abetting," and that Arturo Reyes and Armando Reyes, defendants in a companion case,[1] are signatories on Garbaldi's seized bank accounts. Finally, it points out that if the evidence will not sustain the charge, the Court can grant a directed verdict of acquittal at the conclusion of its case.

To survive a directed verdict of acquittal on the charge of aiding and abetting will require proof that Garibaldi associated itself with an unlawful venture on the part of the other two defendants; participated in the venture as something Garibaldi desired to accomplish; and sought by its actions to make the venture succeed. **U.S. v. Mitchell, 388 F.3d 1139, 1143-44 (8th Cir. 2004).** It would not be necessary for Garibaldi to have employed illegal aliens to be found guilty of aiding and abetting.

Because the Indictment is sufficient as to the other defendants, the Court finds that the aiding and abetting charge

---

[1]United States v. Arturo Reyes, Jr., Sylvia Reyes, Armando Reyes, and Lucila Huaracha, case number 08-50007 in the United States District Court for the Western District of Arkansas, Fayetteville Division.

sufficiently apprises Garibaldi of the charge against which it must defend, and will enable it to plead an acquittal or conviction in bar of future prosecutions for the same offense.  For this reason, the Indictment is also sufficient as against Garibaldi.

7.    In light of the disposition of the motion to dismiss, the Court need not further address the motion to quash.  It will be denied as well.

**IT IS THEREFORE ORDERED** that defendants' **Motion To Dismiss Indictment And Quash The Bank Account Seizure** (document #29) is **denied.**

**IT IS SO ORDERED.**

 /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE