IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 5:08CR50009-001, 2, 3 |
| v. | ) |
| | ) |
| ACAMBARO MEXICAN RESTAURANT, INC. | ) |
| GARCIA'S DISTRIBUTOR, INC. | ) |
| GARIBALDI MEXICAN RESTAURANT, INC. | ) |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNT OF CONVICTION

1.  The Defendants, **ACAMBARO MEXICAN RESTAURANT, INC.; GARCIA'S DISTRIBUTOR, INC. and GARIBALDI MEXICAN RESTAURANT, INC.**, hereby agree to plead guilty to the Indictment.

### CORPORATE REPRESENTATIVE

2.  Defendants agree that Corporate President, Arturo Reyes, Sr., will appear on their behalf to enter the guilty plea and for the imposition of sentence.

### ADVICE OF RIGHTS

3.  The defendants hereby acknowledge that they have been advised of their constitutional and statutory rights. Further, the defendants agree that they fully understand the right:

a. to have an attorney and if they can not afford an attorney, to have one provided and paid for at government expense;

b. to persist in their plea of not guilty;

c. to have a speedy and public trial by jury;

d. to be presumed innocent until proven guilty beyond a reasonable doubt;

e. to confront and examine witnesses who testify against them;

f. to call witnesses on their behalf;

g. to choose to testify or not testify and that no one could force them to testify;

h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4. The defendants hereby acknowledge that they understand with respect to each count to which they plead guilty, they thereby <u>WAIVE</u> all of the rights listed as (b) through (h) of paragraph 3.

## WAIVER OF ACCESS TO RECORDS

5. The defendants hereby waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANTS

6. By signing this agreement, the defendants acknowledge that they have been advised of their right under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. If the defendants should breach any provision of this plea agreement, then they hereby agree that said breach operates as a WAIVER of their rights under Rule 11(f) and Rule 410. Upon any defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendants to any person;

    b. statements made by the defendants during the change of plea hearing;

    c. the factual basis used at the change of plea hearing;

    d. any testimony given under oath to a grand jury or a petit jury;

    e. any and all physical evidence of any kind which the defendants have provided to the government; and,

    f. any and all information provided by the defendants to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

7. If the defendants are found to be in breach of this plea agreement, it is further agreed that the government may move to reinstate dismissed charges, the government may pursue additional charges, and the government shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

8. The defendants hereby acknowledge that they have been advised of the maximum penalties. By entering a plea of guilty to the Indictment, the defendants agree that they face:

   a. A maximum term of probation for 5 years, pursant to 18 U.S.C. §§ 3551(c)(1) and 3561(c)(2);

   b. A maximum fine of $500,000, pursuant to 18 U.S.C. §§ 3551(c)(2) and 3571(c)(3); or

   c. both probation and fine, pursuant to 18 U.S.C. §3551;

   d. a special assessment of $100.00.

## NO OTHER CHARGES

9. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendants, to include Arturo Reyes, Sr. or Samuel Reyes in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

10. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendants to any reasonable sentence within the statutory range of punishment.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

11. The defendants acknowledge that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendants agree that any discussions merely attempt to guess at what appears to be the correct guideline range and do not

bind the district court. Further, the defendants acknowledge that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendants agree that this does not give them the right to withdraw their plea of guilty.

## RELEVANT CONDUCT CONSIDERED

12. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendants backgrounds, character and conduct, including the conduct that is the subject of this investigation for which it has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

13. In the event that it is determined that the defendants have not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendants from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

14. The government agrees not to make a recommendation as to what specific sentence should be given to the defendants.

15. The government agrees not to object to a finding by the probation office or a ruling of the court which awards the defendants an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or

greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

16. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

   a. make all facts known to the probation office and to the court;

   b. call witnesses and introduce evidence in support of the Presentence Report;

   c. contest and appeal any finding of fact or application of the Sentencing Guidelines;

   d. contest and appeal any departure from the appropriate Guideline range;

   e. defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

17. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the defendants requests or recommendations for certain findings of fact or applications of the Guidelines, the defendants acknowledge that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

18. The parties agree that nothing in this agreement binds the district court to:

   a. make any specific finding of fact;

      b.     make any particular application of the Sentencing Guidelines;

      c.     hand down any specific sentence;

      d.     accept this plea agreement.

19.     The government and the defendants acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

20.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

21.     The defendants agree that they will pay $100.00 as the special assessment in this case.

### REPRESENTATIONS BY DEFENDANT AND DEFENSE COUNSEL

22.     The defendants and its attorney state hereby that neither of them have been subjected to any threats or coercion which have induced the defendants to change their pleas to guilty. Further, the defendants and its attorney acknowledge that the defendants desire to change its plea to guilty is not the result of threats or coercion directed at anyone connected with them.

23.     By signing this plea agreement, counsel for the defendants acknowledge that:

      a.     he has read this plea agreement;

      b.     he has given a copy of it to the defendants;

      c.     he has explained the ramifications of the plea agreement to the defendants;

      d.      he believes that the defendants understand this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## FORFEITURE

24.      The defendants agree to consent to the forfeiture of four hundred thousand dollars ($400,000) as alleged in the forfeiture allegation of the Superseding Indictment.

The government agrees to release any claims towards all real and personal property, including any lis pendens filed in relation to this matter, to be returned to the defendants, or their assigns upon satisfaction of the forfeiture in the amount of four hundred thousand dollars.

The defendants also agree to fully cooperate with the United States Attorney's Office of the Western District of Arkansas in assisting the government in perfecting its claim, title, and ownership of any forfeited assets to include assistance in defeating or causing the withdrawal of claims by any other party, including family members.

If any of the currency, as a result of any act or omission of the defendants–

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court;

then any other property of any of the defendants up to the value of the total amount of forfeited currency shall be forfeited to the United States as substitute assets pursuant to 21 U.S.C.§ 853(p).

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

25.      The defendants and its attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral

agreements or promises which have been made to induce the defendants to change its plea to guilty.

Dated this 7th day of August, 2008.

_____
ARTURO REYES, SR.
Representative of Defendant Corporations

_____
MILTON DEJESUS
Attorney for Defendants

ROBERT C. BALFE
UNITED STATES ATTORNEY

By: _____
CHRISTOPHER D. PLUMLEE
Assistant United States Attorney